**Sara Wolf, Plaintiff-Appellant, v. Lake Shore Savings and Loan Association, a Corporation, Defendant-Appellee.**

**Gen. No. 53,357.**

First District, Third Division.

September 25, 1969.

1

Maurice J. Nathanson, of Chicago (Paul Peter Black, of counsel), for appellant.

Alex Janoski, of Chicago (Mitchell Kilanowski, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal from an order dismissing the plaintiff's complaint.

The complaint contained the following allegations: The plaintiff entered into a contract with the defendant to purchase certain real estate. The contract provided that the buyer would take subject to general taxes due and payable after the year 1967, but that all unpaid taxes were to be prorated to the date of the closing of the transaction. The transaction was closed on February 28, 1967 and, because the amount due for the unpaid taxes for the year 1966 was not yet known or available, the

taxes were prorated temporarily on the basis of the 1965 tax bill; this was in accordance with a common practice followed in most real estate transactions. When the 1966 tax bill became ascertainable, it was for an amount that was in excess of the sum credited to the plaintiff at the time the transaction was closed. The 1966 tax, and the tax from January 1, 1967, to the closing date computed on the basis of the 1966 tax bill, was $2,004.77 more than the sum credited to the plaintiff.

■ The defendant advanced several grounds in support of its motion to strike and dismiss, but only two were of substance and neither of these justified dismissing the complaint. One of these was the averment that at the time the deal was closed a statement prorating all taxes was accepted by the plaintiff. The closing statement was attached to the motion. The statement, however, did not support the defendant anymore than it did the plaintiff. The cryptic notation in the statement:

"Factor .1667 — 1965

"General Taxes as pro-rated on $2,895.36—14 months . . . $3,378.02"

did nothing more than confirm the undisputed fact that the taxes for fourteen months (twelve months of 1966 and the first two months of 1967) were prorated on the basis of the 1965 tax bill. The notation did not indicate whether the proration was a temporary one as charged by the plaintiff or a final one as averred by the defendant. The unsigned closing statement of itself confers no contractual rights and it does not supersede the provisions of the previous contract or the subsequent deed. It may have evidentiary value to show the intention of the parties as to the terms of the contract but it was not dispositive of the issue between them. Likewise, a provision in the contract that "All pro-rating shall be as

of the date of closing a deal and time is of the essence of this contract," has probative value and adds credence to the defendant's contention that the proration in the closing statement was a final one. Standing alone, however, or read in conjunction with the statement, it does not establish this as a matter of law.

██ ██ The other ground for dismissal which appeared to have substance was the averment that a deed was delivered to the plaintiff which provided that the premises were conveyed subject to taxes for the years 1966 and 1967. The averment was accompanied with the argument that all agreements between a seller and a purchaser in a real estate transaction are merged in a deed unless the contract provides for subsequent acts by either party. The legal argument was correct (McKnight v. Mowat, 139 Ill App 390 (1908) ; Laflin v. Howe, 112 Ill 253 (1885)) but its application to the complaint was premature. The complaint alleged that a subsequent act was to be performed by the parties, that of prorating. The plaintiff asserted, without denial by the defendant, that it was agreed that this was to be done on the basis of the 1966 tax bill, and she alleged this was a common practice followed in most real estate transactions. These allegations were relevant to the issue of whether the contract merged into the deed and the plaintiff should be given the opportunity to prove them.

██ Furthermore, it was impossible to accurately ascertain what contractual provisions were superseded by the deed because the deed was not produced as an exhibit. The trial court could not compare the documents and, since the deed is not in the record, neither can we. The defendant's assertion that the deed provided that the premises were conveyed subject to the 1966 and 1967 taxes cannot be accepted as a substitute for the deed itself.

4

The plaintiff's complaint stated a cause of action. It should not have been either stricken or dismissed upon the grounds urged by the defendant.

The order of the Circuit Court is reversed and the cause is remanded with directions to overrule the defendant's motion and to set a time within which it may answer the complaint.

Reversed and remanded with directions.

SCHWARTZ and McNAMARA, JJ., concur.